UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LESLIE HULTGREN
1032 Candleberry Lane
Grafton, WI 53024,

        Plaintiff,

  v.

MOSAIC 360, LLC
1329 Grand Avenue, Suite 1A
Port Washington, WI 53074,

NAVIGEN LLC,
f/k/a NAGEL & ASSOCIATES
677 Baeten Road, Suite 250
Green Bay, WI 54304

        Defendants.

Case No. 19-CV-886-JPS

**DEFENDANT, MOSAIC 360, LLC'S, ANSWER TO AMENDED COMPLAINT**

NOW COMES the Defendant, Mosaic 360, LLC ("Defendant" or "Mosaic"), by and through its attorneys Davis & Kuelthau, s.c., and as to Plaintiff, Leslie Hultgren's ("Plaintiff"), Amended Complaint, Defendant answers as follows with respect to the allegations made against it:

### I. JURISDICTION AND VENUE

1. In answering Paragraph 1, the Defendant asserts that the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the Defendant admits the allegations.

2. In answering Paragraph 2, the Defendant asserts that the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the

Defendant asserts that the Exhibits speak for themselves. As to the remaining allegations in this paragraph, the Defendant denies the allegations.

3. In answering Paragraph 3, the Defendant asserts that the allegations in this paragraph are legal conclusions to which no response is required. To the extent that a response is required, the Defendant admits the allegations.

## II. PARTIES

4. In answering Paragraph 4, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore admits the allegations.

5. In answering Paragraph 5, the Defendant admits that Mosaic 360, LLC ("Mosaic") is a Delaware corporation and that Mosaic's principal office is located 1329 W. Grand Avenue, Suite 1A, Port Washington, WI 53074. As to the remainder of the allegations, Defendant asserts that they are legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the allegations.

6. In answering Paragraph 6, the Defendant asserts that the allegation that Navigen LLC ("Navigen") is an employer within the meaning of Title VII and ADA is a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations. As to the remainder of the allegation, the Defendant lacks sufficient knowledge and information to form a belief as to the truth allegations in this paragraph, and therefore, denies.

7. In answering Paragraph 7, the Defendant denies the allegations. Mosaic affirmatively alleges that it and Navigen have at all times material operated independently and were controlled and managed by separate and distinct persons or entities. All responses herein by Mosaic are by or

on behalf of Mosaic solely, as Mosaic lacks knowledge and information sufficient to answer on behalf of Navigen.

8. In answering Paragraph 8, the Defendant asserts that the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the allegations.

9. In answering Paragraph 9, the Defendant asserts that the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the allegations.

10. In answering Paragraph 10, the Defendant asserts that the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the allegations.

11. In answering Paragraph 11, the Defendant admits that Leslie Hultgren was employed by Mosaic until December 2016 and that Leslie Hultgren was employed by Navigen from January 2017 until her resignation. To the extent that this allegation asserts that Ms. Hultgren was employed by Navigen and Mosaic simultaneously, the Defendant denies the allegations.

12. In answering Paragraph 12, the Defendant asserts that the allegations in this paragraph are a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies.

### III. FACTUAL ALLEGATIONS

13. In answering Paragraph 13, the Defendant admits that it is a private equity firm but otherwise denies the allegations.

14. In answering Paragraph 14, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies.

15. In answering Paragraph 15, the Defendant denies the allegations.

16. In answering Paragraph 16, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies.

17. In answering Paragraph 17, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies.

18. In answering Paragraph 18, the Defendant denies the allegations.

19. In answering Paragraph 19, the Defendant denies the allegations.

20. In answering Paragraph 20, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies.

21. In answering Paragraph 21, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies.

22. In answering Paragraph 22, the Defendant admits that around June 2016, Mosaic acquired a 33% interest in Nagel & Associates. Defendant affirmatively alleges that in December 2016, Leslie Hultgren left her employment at Mosaic and became an employee of Nagel & Associates, which was operating under the name "Navigen Wealth Management." As to the remainder of the allegations, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies.

23. In answering Paragraph 23, the Defendant admits that Mosaic was a sponsor of the Milwaukee County Zoo Ball, that Mr. and Mrs. Hultgren, Brad Nagel, Dana Braun Beck, and Brenen Sieber rode to the ball together, and that Mr. Hultgren was a manager of Mosaic at the time. The Defendant denies the remainder of these allegations.

24. In answering Paragraph 24, the Defendant denies the allegations.

25. In answering Paragraph 25, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies.

26. In answering Paragraph 26, the Defendant admits the allegations.

27. In answering Paragraph 27, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies.

28. In answering Paragraph 28, the Defendant denies the allegations.

29. In answering Paragraph 29, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies.

30. In answering Paragraph 30, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies.

31. In answering Paragraph 31, the Defendant denies the allegations.

32. In answering Paragraph 32, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies.

33. In answering Paragraph 33, the Defendant denies the allegations.

34. In answering Paragraph 34, the Defendant denies the allegations.

35. In answering Paragraph 35, the Defendant admits that Ms. Hultgren sent an email about the conference. As to the remainder of the allegations in the paragraph, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies.

36. In answering Paragraph 36, the Defendant admits that Mr. Sieber had a "hold the date" placed on the all of the calendars for conference. The Defendant denies the remainder of the allegations in this paragraph.

37. In answering Paragraph 37, the Defendant denies the allegations.

38. In answering Paragraph 38, the Defendant denies the allegations.

39. In answering Paragraph 39, the Defendant denies the allegations.

40. In answering Paragraph 40, the Defendant denies the allegations.

41. In answering Paragraph 41, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies.

42. In answering Paragraph 42, the Defendant denies the allegations.

43. In answering Paragraph 43, the Defendant denies the allegations.

44. In answering Paragraph 44, the Defendant denies the allegations.

45. In answering Paragraph 45, the Defendant denies the allegations.

46. In answering Paragraph 46, the Defendant denies the allegations.

47. In answering Paragraph 47, the Defendant denies the allegations.

48. In answering Paragraph 48, the Defendant denies the allegations.

49. In answering Paragraph 49, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies.

50. In answering Paragraph 50, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies.

51. In answering Paragraph 51, the Defendant denies that there was a threatening phone call, but otherwise lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore, denies.

52. In answering Paragraph 52, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies.

53. In answering Paragraph 53, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies.

54. In answering Paragraph 54, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies.

55. In answering Paragraph 55, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies.

56. In answering Paragraph 56, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies.

57. In answering Paragraph 57, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies.

58. In answering Paragraph 58, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies.

59. In answering Paragraph 59, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies.

60. In answering Paragraph 60, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies. The Defendant affirmatively denies that Leslie Hultgren was employed by Mosaic at that time.

61. In answering Paragraph 61, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies.

62. In answering Paragraph 62, the Defendant admits Hultgren was contacted by its counsel at Michael Best and was served with a lawsuit and restraining order. The Defendant denies the remainder of the allegations.

63. In answering Paragraph 63, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies.

64. In answering Paragraph 64, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies.

65. In answering Paragraph 65, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies.

66. In answering Paragraph 66, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies.

67. In answering Paragraph 67, the Defendant denies the allegations.

68. In answering Paragraph 68, the Defendant denies the allegations.

69. In answering Paragraph 69, the Defendant denies the allegations.

70. In answering Paragraph 70, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and therefore, denies.

71. In answering Paragraph 71, the Defendant asserts that the allegations in this paragraph are a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations.

### IV. FIRST CAUSE OF ACTION
**(Sex Discrimination – Title VII)**

72. In answering Paragraph 72, the Defendant re-alleges and reincorporates herein as if set forth in full the Answers to each of the preceding paragraphs.

73. In answering Paragraph 73, the Defendant asserts that the allegations in this paragraph are a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations.

74. In answering Paragraph 74, the Defendant asserts that the allegations in this paragraph are a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations.

75. In answering Paragraph 75, the Defendant asserts that the allegations in this paragraph are a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations.

## V. SECOND CAUSE OF ACTION
### (Disability Discrimination – ADA)

76. In answering Paragraph 76, the Defendant re-alleges and reincorporates herein as if set forth in full the Answers to each of the preceding paragraphs.

77. In answering Paragraph 77, the Defendant asserts that the allegations in this paragraph are a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations.

78. In answering Paragraph 78, the Defendant asserts that the allegations in this paragraph are a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations.

79. In answering Paragraph 79, the Defendant asserts that the allegations in this paragraph are a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations.

## VI. THIRD CAUSE OF ACTION
### (Retaliation – Title VII and ADA)

80. In answering Paragraph 80, the Defendant re-alleges and reincorporates herein as if set forth in full the Answers to each of the preceding paragraphs. The Defendant asserts that the

allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the allegations.

81. In answering Paragraph 81, the Defendant asserts that the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the allegations.

82. In answering Paragraph 82, the Defendant asserts that the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the allegations.

## VII. FOURTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

83. In answering Paragraph 83, the Defendant re-alleges and reincorporates herein as if set forth in full the Answers to each of the preceding paragraphs.

84. In answering Paragraph 84, the Defendant asserts that the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the allegations.

85. In answering Paragraph 85, the Defendant asserts that the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the allegations.

86. In answering Paragraph 86, the Defendant asserts that the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the allegations.

## AFFIRMATIVE DEFENSES

1. The Defendant, Mosaic 360, LLC, re-asserts and re-alleges all of its Answers to Paragraphs 1 through 86 to the Plaintiff's Amended Complaint, as affirmative defenses.

2. The Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

3. The Plaintiff's alleged damages, if any, were caused in whole or in part by the Plaintiff's own conduct.

4. The Plaintiff has failed to mitigate her damages.

5. The Plaintiff's harm was the result of by a superseding cause.

6. The Plaintiff has acted with unclean hands barring any recovery.

7. The Plaintiff has failed to satisfy the administrative requirements in order to bring a claim under Title VII and the American Disabilities Act ("ADA").

8. The Plaintiff failed to exhaust administrative remedies, or otherwise fulfill statutory prerequisites for some or all of her claims, including but not limited to, failing to include all discriminatory allegations with reasonable recovery in the underlying charge, which the Plaintiff now seeks to bring in her Amended Complaint.

9. Mosaic is not an integrated enterprise with Navigen or any other entity.

10. Mosaic is not a joint employer with Navigen.

11. The Defendant is not an employer as defined under Title VII or the ADA.

12. The Defendant does not have enough employees to subject it to Title VII or the ADA.

13. The claims against Defendant are barred by Statute of Limitations.

14. The Defendant was not an employer of Ms. Hultgren as a matter of law.

15. The decisions Plaintiff challenges were based on legitimate, nondiscriminatory, non-retaliatory business reasons other than sex or gender.

16. The Plaintiff fails to state a *prima facie* case under any type of claim or causes of action she has asserted; in the alternative, assuming the Plaintiff has stated a prima facie case, all conduct

and action on the part of the Defendant concerning the Plaintiff was wholly based on legitimate, nondiscriminatory, non-retaliatory reasons.

17. The Defendant asserts that the insufficient, punitive damages sought by the Plaintiff would violate the rights of the Defendant under the United States and Wisconsin State Constitutions.

18. The Defendant re-alleges and reincorporates herein by reference the defenses set forth in Federal Rules of Civil Procedure 8(c)(1), as if fully set forth in full herein, so as to avoid waiving any defenses pending discovery, and reserves the right to amend and supplement these defenses as delineated.

WHEREFORE, Defendant, Mosaic 360, LLC, by and through its attorneys, Davis & Kuelthau, s.c., respectfully requests judgment as follows:

   a. Immediate dismissal of Plaintiff's Amended Complaint with prejudice and without costs;
   b. Immediate dismissal of Plaintiffs' request for costs and attorneys' fees;
   c. For other or further order, judgment or relieve as the case requires or equitable considerations allow.

**DEFENDANT DEMANDS A TRIAL BY JURY FOR ALL TRIABLE ISSUES.**

DAVIS & KUELTHAU, S.C.

Dated:  August 19, 2019.    *s/ Tiffany E. Woelfel*
Matthew R. McClean
State Bar No. 1041470
Tiffany E. Woelfel
State Bar No. 1093779

*Attorneys for Defendant, Mosaic 360, LLC*

Direct contact information:

| Matthew R. McClean | 414.225.1420 direct dial |
| --- | --- |
| | 414.278.3620 direct fax |
| | mmcclean@dkattorneys.com |
| | 111 E. Kilbourn Avenue, Suite 1400 |
| | Milwaukee, WI 53202 |
| Tiffany E. Woelfel | (920) 431-2232 direct dial |
| | (920) 431-2272 direct fax |
| | twoelfel@dkattorneys.com |
| | 318 S. Washington St., Suite 300 |
| | Green Bay, WI 54301 |