IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

LESLIE HULTGREN,

        Plaintiff,

vs.

MOSAIC 360, LLC
and NAVIGEN, LLC,

        Defendants.

Case No. 19-CV-886-JPS

## DEFENDANT, MOSAIC 360, LLC'S, PROPOSED FINDINGS OF FACT

The Defendant submits the following proposed findings of fact in support of its Motion for Summary Judgment under Federal Rule of Civil Procedure 56.

### I. FINDINGS OF FACT

1. Mosaic 360, LLC, ("Mosaic 360") is a Delaware limited liability company that executed an Operating Agreement that became effective on January 1, 2016. Affidavit of Brenen Sieber ("Sieber Aff.") ¶ 2.

2. Mosaic 360 is owned by three wholly-owned limited liability companies: SPH Global, LLC; Johnson Global, LLC; and CTH Global, LLC. Sieber Aff. ¶ 4.

3. Brenen Sieber owns and controls SPH Global, LLC ("SPH Global"). SPH Global owned 750 Units of Mosaic 360, or approximately 75% of all of Mosaic 360's outstanding shares. Sieber Aff. ¶ 5.

4. Ryan Johnson owns and controls Johnson Global, LLC ("Johnson Global"). Johnson Global owned 100 Units of Mosaic 360, or approximately 10% of all of Mosaic 360's outstanding shares. Affidavit of Ryan Johnson ("Johnson Aff.") ¶¶ 2–3.

5. Paul Hultgren owns and controls CTH Global, LLC ("CTH"). CTH owned 150 Units of Mosaic 360, or approximately 15% of all of Mosaic 360's outstanding shares. Sieber Aff. ¶ 6.

6. In 2016, Mosaic 360 was managed by Mr. Sieber, Mr. Johnson, and Mr. Hultgren. Sieber Aff. ¶ 7.

7. Mr. Hultgren is married to Plaintiff Leslie Hultgren. Sieber Aff. ¶ 8.

8. Mosaic 360 is a private equity firm created to invest in and grow other businesses. Sieber Aff. ¶ 3.

9. Mosaic 360 has two wholly-owned subsidiaries: Mosaic Holdings, LLC ("Mosaic Holdings"), and Mosaic Corporate Advising, LLC. Sieber Aff. ¶ 9.

10. Navigen, LLC ("Navigen"), was created as Nagel & Associates, LLC d/b/a Nagel Private Wealth Management in 2008. Affidavit of Brad Nagel ("Nagel Aff.") ¶ 2.

11. Brad Nagel is the President and Managing Member of Navigen. Nagel Aff. ¶ 1.

12. In May 2016, Mosaic Holdings purchased a one-third (1/3) minority interest in Navigen. Nagel Aff. ¶ 3; Sieber Aff. ¶ 10.

13. Mosaic 360 had no direct ownership interest in Navigen. Nagel Aff. ¶ 4; Sieber Aff. ¶ 14.

14. Mr. Nagel maintained complete control over Navigen and made all operational and business decisions. Nagel Aff. ¶¶ 5–7; Sieber Aff. ¶ 11.

15. Concurrent with Mosaic Holdings acquiring an interest in Navigen, Navigen entered into a management support services agreement with Mosaic 360. Nagel Aff. ¶ 9; Sieber Aff. ¶ 15.

16. For a monthly fee, Navigen received administrative support services from Mosaic 360. Nagel Aff. ¶ 10; Sieber Aff. ¶ 16.

17. Navigen also received a physical office space for its employees to use within Mosaic 360's office. Nagel Aff. ¶ 10; Sieber Aff. ¶ 17.

18. Mosaic 360 then hired two individuals to provide those support services from Mosaic 360 to Navigen. The two individuals hired were Leslie Hultgren and Ivan Araya-Schraner. Sieber Aff. ¶ 18; Affidavit of Ivan Araya-Schraner ("Araya-Schraner Aff.") ¶ 2; Nagel Aff. ¶ 11.

19. In September 2016, Ms. Hultgren was suggested to work from home because Mr. and Mrs. Hultgren were spending too much time discussing personal matters and it was negatively impacting the work environment at Mosaic 360 and the ability of other Mosaic 360 employees to perform their work. Sieber Aff. ¶ 21.

20. When Ms. Hultgren was hired to support Navigen, Mr. and Mrs. Hultgren requested that the monthly payment Paul received from Mosaic 360 for his services be increased to reflect Ms. Hultgren's pay. Johnson Aff. ¶ 6.

21. Mosaic 360 complied with Mr. and Mrs. Hultgren's request that the monthly payment Mr. Hultgren received from Mosaic 360 for his services be increased to reflect Ms. Hultgren's pay. Johnson Aff. ¶ 7.

22. During 2016, Mosaic 360 employed no more than 10 individuals. Johnson Aff. ¶ 4.

23. During 2017, Mosaic 360 employed no more than 9 individuals. Johnson Aff. ¶ 5.

24. Near the end of 2016, Mr. Sieber and Mr. Nagel discussed the staffing situations of Mosaic 360 and Navigen. Nagel Aff. ¶ 12; Sieber Aff. ¶ 22; Araya-Schraner Aff. ¶ 3.

25. Mosaic 360 and Navigen determined it would be better for Ms. Hultgren and Mr. Araya-Schraner to be long term employees of Navigen because their time and work was already dedicated to Navigen. Nagel Aff. ¶ 13; Sieber Aff. ¶ 23; Araya-Schraner Aff. ¶ 3.

26. Ms. Hultgren and Mr. Araya-Schraner agreed to become employees of Navigen and to end their employment with Mosaic 360. Nagel Aff. ¶ 14; Sieber Aff. ¶ 24; Araya-Schraner Aff. ¶ 4.

27. The transition was to occur at the end of the year. December 31, 2016, was Ms. Hultgren's last day as a Mosaic 360 employee. Sieber Aff. ¶ 25.

28. Mr. Nagel hired Ms. Hultgren and Mr. Araya-Schraner as long term employees of Navigen. Nagel Aff. ¶ 15; Araya-Schraner Aff. ¶ 5.

29. Ms. Hultgren began her employment with Navigen on January 1, 2017, including filling out the customary new-hire documentation. Nagel Aff. ¶ 23.

30. Ms. Hultgren was hired as a long term, employee working part-time with a flexible schedule, per her request. Nagel Aff. ¶ 16.

31. Mr. Nagel controlled and directed the work of Ms. Hultgren. Nagel Aff. ¶ 17; Sieber Aff. ¶¶ 26, 32; Araya-Schraner Aff. ¶¶ 6–7.

32. Mr. Nagel had sole authority for hiring, disciplining, and firing the Navigen employees, including Ms. Hultgren. Nagel Aff. ¶ 8; Araya-Schraner Aff. ¶ 7; Sieber Aff. ¶ 27.

33. Mr. Nagel reviewed Ms. Hultgren's performance and supervised her work. Nagel Aff. ¶ 20; Araya-Schraner Aff. ¶ 8.

34. Including Mr. Nagel, during 2017, Navigen had no more than 4 employees during any given week. Nagel Aff. ¶ 31; Johnson Aff. ¶ 19.

35. Mr. Nagel determined what types of work Ms. Hultgren would perform for Navigen. Nagel Aff. ¶¶ 17, 20; Sieber Aff. ¶ 26.

36. Ms. Hultgren performed back-end customer support for Navigen, including month-end reports. Nagel Aff. ¶ 19.

37. Ms. Hultgren required training to perform the tasks required of her to support Navigen. Nagel Aff. ¶ 18.

38. Ms. Hultgren received training from Mr. Nagel to perform such duties on behalf of Navigen. Nagel Aff. ¶ 18.

39. Navigen continued to pay Mosaic 360 for support services, including administering Navigen's payroll, during 2017. Nagel Aff. ¶¶ 24–25; Johnson Aff. ¶ 9; Sieber Aff. ¶ 28.

40. Mosaic 360's role was to administratively enter Navigen's payroll information into a computer processing program, ADP. Nagel Aff. ¶ 26; Johnson Aff. ¶ 10.

41. Navigen paid Mosaic 360 to administratively process the payroll because it was more cost-effective than Navigen opening its own ADP account. Nagel Aff. ¶ 27; Sieber Aff. ¶ 29.

42. All of Navigen's employees were directly paid by Navigen. Nagel Aff. ¶ 28; Johnson Aff. ¶ 11.

43. Navigen paid for Ms. Hultgren's payroll and associated payroll taxes. Leslie Hultgren received no employee-sponsored benefits. Nagel Aff. ¶¶ 28–29.

44. Mr. Nagel maintained final control of approving payroll amounts and their release. Nagel Aff. ¶ 30; Sieber Aff. ¶ 30; Johnson Aff. ¶ 13.

45. In March 2017, Mr. Sieber and Mr. Johnson voted to remove Mr. Hultgren as a Mosaic 360 manager and terminate his employment with Mosaic 360 because of his egregious and intentional breaches of fiduciary duty. Sieber Aff. ¶ 31; Johnson Aff. ¶ 20.

46. After Mr. Hultgren was terminated from Mosaic 360, Mr. Nagel met with Ms. Hultgren to confirm she wanted to continue to work for Navigen and could separate her husband's dispute with Mosaic 360 from her employment with Navigen. Nagel Aff. ¶ 32.

47. Ms. Hultgren agreed that she could continue to work for Navigen and could separate her husband's dispute with Mosaic 360 from her employment with Navigen. Nagel Aff. ¶ 33.

48. Mr. Nagel continued to be the only individual with control over Ms. Hultgren's employment with Navigen. Nagel Aff. ¶ 34; Sieber Aff. ¶ 32.

49. On April 25, 2017, Ms. Hultgren sent Mr. Nagel an email resigning from her employment with Navigen. Nagel Aff. ¶ 41.

50. The resignation email was sent only to Mr. Nagel. Ms. Hultgren did not send a resignation email to Mosaic 360. Nagel Aff. ¶ 41; Sieber. Aff. ¶ 34.

51. On or about April 25, 2017, after Mr. Hultgren had been removed from Mosaic 360 management, Mr. Sieber and Mr. Johnson first learned that Ms. Hultgren was seeking to become pregnant again. Sieber Aff. ¶ 33; Johnson Aff. ¶ 21.

52. On May 2, 2017, Ms. Hultgren signed an affidavit, admitting that she copied and removed electronic information from Navigen and Mosaic 360 during her employment with Navigen. Nagel Aff. ¶ 42.

53. On May 5, 2017, Mr. Nagel made the decision to terminate Ms. Hultgren based on her admitted wrongful conduct. Nagel Aff. ¶ 43.

54. Mr. Nagel made the decision to terminate Ms. Hultgren alone and without influence from Mosaic 360. Nagel Aff. ¶ 43; Sieber Aff. ¶ 35.

55. On December 8, 2017, Ms. Hultgren filed an EEOC charge against Mosaic 360 and Navigen alleging discrimination based on her decision to undergo in-vitro fertilization and her attempt to become pregnant. Johnson Aff. ¶ 22.

56. On December 8, 2017, Mr. Hultgren sent a text message to Ashley York seeking "documentation that proved the mosaic employee count to be over 15." Mr. Hultgren response acknowledges that Mosaic 360 does not have the 15 employee minimum. Johnson Aff. ¶ 23.

57. On July 26, 2018, Ms. Hultgren filed an amended EEOC charge, which brought the same factual allegations, but omitted Navigen as her employer. Johnson Aff. ¶ 24.

58. In December 2018, Mr. Hultgren, through his personal LLC, CTH, brought suit against Mr. Sieber and Mr. Johnson in Ozaukee County state court. *CTH Global, LLC v. Brenen Sieber, et al.*, Ozaukee County Case No. 2018CV0000462, *available at*: https://wcca.wicourts.gov/caseDetail.html?caseNo=2018CV000462&countyNo=45.

59. In February 2019, Mr. Hultgren's parents, Dennis and Mary Hultgren, brought suit against Mosaic 360 in Ozaukee County state court. *Dennis Hultgren et al v. Mosaic 360, LLC*, Ozaukee County Case No. 2019CV000041, *available at*: https://wcca.wicourts.gov/caseDetail.html?caseNo=2019CV000041&countyNo=45&index=0.

60. In March 2019, Ms. Hultgren reached out to the EEOC, which had been investigating her complaint and attempting to determine whether Mosaic 360 was subject to Title VII and the ADA, and requested her Right to Sue Notices. Affidavit of Matthew R. McClean ¶ 2.

61. On June 8, 2019, Mr. Hultgren reached out to Robb Thiel, a former Mosaic 360 employee, in another attempt to try to identify 15 employees of Mosaic 360. Johnson Aff. ¶ 25.

Dated: November 6, 2019.　　　　　　　　DAVIS & KUELTHAU, S.C.

　　　　　　　　　　　　　　　　　　　*s/ Matthew R. McClean*

　　　　　　　　　　　　　　　　　　　Matthew R. McClean
　　　　　　　　　　　　　　　　　　　State Bar No. 1041470
　　　　　　　　　　　　　　　　　　　Tiffany E. Woelfel
　　　　　　　　　　　　　　　　　　　State Bar No. 1093779

　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff, Mosaic 360, LLC*

Direct contact information:

| | |
|---|---|
| Matthew R. McClean | (414) 225.1420 direct dial |
| | (414) 278.3620 direct fax |
| | mmcclean@dkattorneys.com |
| | 111 E. Kilbourn Avenue, Suite 1400 |
| | Milwaukee, WI 53202 |
| | |
| Tiffany E. Woelfel | (920) 431-2232 direct dial |
| | (920) 431-2272 direct fax |
| | twoelfel@dkattorneys.com |
| | 318 S. Washington St., Suite 300 |
| | Green Bay, WI  54301 |