# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LESLIE HULTGREN,

        Plaintiff,

v.

Case No. 19-CV-886-JPS

MOSAIC 360 LLC,

**ORDER**

        Defendant.

On November 12, 2019, the parties submitted a joint motion for a protective order and a stipulated proposed order. (Docket #34, #34-1). Protective orders are an exception to the general rule that pretrial discovery must occur in the public eye. *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Nonetheless, the Court can enter a protective order if the parties have shown good cause and if the order is narrowly tailored to serve that cause. Fed. R. Civ. P. 26(c); *Citizens First*, 178 F.3d at 945. "Even if the parties agree that a protective order should be entered, they still have the burden of showing that good cause exists for issuance of that order." *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (quotation and internal marks omitted).

The parties' joint motion for a protective order must be denied because it is devoid of any factual basis on which the Court could find good cause. *See generally* (Docket #34). For example, it does not describe the nature of the confidential or sensitive information that might be divulged, or who might be injured by the disclosure of this information. The motion simply states that "[t]he undersigned parties hereby request that the Court

enter the attached Confidentiality Order to regulate the production and use of documents designated as confidential." *Id.* This is not sufficient.

The Court would entertain a new motion that presents an appropriate factual predicate suggesting that good cause warrants entry of a protective order in this case.

Accordingly,

**IT IS ORDERED** that the parties' joint motion for a protective order (Docket #34) be and the same is hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 18th day of November, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge